# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 14, 2012

Lyle W. Cayce
Clerk

12-60054

ERNEST MONTGOMERY,

Plaintiff-Appellee

v.

BILLY HIGGINS, Deputy, in individual capacity;
MICHAEL HOLLINGSWORTH, Deputy, in individual capacity;
CHRIS SATCHER, Deputy, in individual capacity,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No.5:11-CV-4

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Three Appellant law enforcement officers challenge the district court's denial of their motion to dismiss—on the basis of qualified immunity—a civil rights suit filed by Appellee Ernest Montgomery. Montgomery alleges the use of unconstitutionally excessive force when he was arrested after he left the scene of an auto accident.[1] We have carefully reviewed the officers' contentions in light

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The district court dismissed Montgomery's due process and equal protection claims arising from the same incident, but Montgomery has failed to cross-appeal that ruling, which is final.

No. 12-60054

of the oral argument, briefs and the record.  Having done so, we are unable to determine, on the sketchy state of the pleadings on both sides, whether Appellee's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), or by principles of qualified immunity, which give the benefit of the doubt to a law enforcement officer's reasonable use of force unless no reasonable officer in the same position could have so acted.  *See Graham v. Connor*, 490 U.S. 386, 396–97 (1989); *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010).  Our decision is without prejudice to Appellants' right to re-urge their defenses following further development of the case as the district court sees fit, possibly including limited discovery pertaining to qualified immunity or a summary judgment ruling based on affidavits.

**APPEAL DISMISSED.**